**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **05-CR-293A**

**KEVIN SMITH,**

**Defendant.**

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Kevin Smith ("the defendant"), is charged in a multicount Second Superseding Indictment with having violated Title 18 U.S.C. § 287 (Counts 1 through 7); Title 26 U.S.C. § 7206(2) (Count 8) and Title 18 U.S.C. § 1341 (Counts 9 through 11). He has filed an omnibus motion[1] wherein he seeks: (1) exclusion of "purported expert testimony regarding handwriting" (Docket #16, p. 29, ¶ III); (2) a bill of particulars (Docket #16, p. 33, ¶ IV); (3) compelled "disclosure of the

[1] The motion was originally filed before the Second Superseding Indictment was filed and was given Docket #16. After the Second Superseding Indictment was filed, this motion was refiled and given Docket #21. However, the references to page numbers and paragraphs are based on the filing under Docket #16.

identities of all government informants" (Docket #16, p. 35, ¶ V); (4) discovery pursuant to Rule 16 of the Fed. R. Crim. P. (Docket #16, p. 36, ¶ VI); (5) "production of Brady material" (Docket #16, p. 37, ¶ VII); (6) "disclosure of evidence pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence" ("F.R.E.") (Docket #16, p. 40, ¶ VIII); (7) "disclosure of witness statements" (Docket #16, p. 41, ¶ IX); (8) "preservation of rough notes and other evidence" (Docket #16, p. 42, ¶ X); (9) permission "for active counsel participation in voir dire" (Docket #16, p. 43, ¶ XI); (10) "pre-trial production of government summaries" (Docket #16, p. 44, ¶ XII); (11) permission "to voir dire government experts outside the presence of the jury" (Docket #16, p. 45, ¶ XIII); (12) an "audibility hearing" (Docket #16, p. 46, ¶ XIV); (13) "leave to make other motions" (Docket #16, p. 47, ¶ XV).

The defendant has also filed a motion seeking dismissal of Counts 1 through 7 of the Superseding Indictment (Docket #16, p. 27, ¶ II) as well as a motion to suppress evidence (Docket #16, p. 3, ¶ I) and in the alternative, a *Franks* Hearing (*Franks v. Delaware*, 438 U.S. 154 (1978) (Docket #16, p. 18, ¶ 4).

The motion to dismiss Counts 1 through 7 and to suppress evidence will be addressed in a separate Report, Recommendation and Order prepared by this Court. All of the other requests will be separately addressed herein.

The government has filed a response to these demands by the defendant (Docket #25) and has filed a discovery demand pursuant to Rule 16(b) of the Fed. R. Crim. P. (Docket #24).

**DISCUSSION AND ANALYSIS**

**1. Exclusion of Purported Expert Testimony Regarding Handwriting:**

The defendant attacks the admissibility of expert testimony relating to handwriting analysis claiming that such testimony will not meet the requirements established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). In order to buttress this claim, the defendant requests a *Daubert* Hearing to resolve this issue prior to the admission of such testimony at the defendant's trial.

Since the issue raised by the defendant involves an application of Rule 702 of the F.R.E., the resolution of such issue is better left for the determination of the trial judge to whom this case has been assigned. Therefore, the defendant's request is DENIED without prejudice with the right to renew such motion before the trial judge at a time set by said trial judge.

**2. Defendant's Request For A Bill Of Particulars:**

The defendant asserts that a "bill of particulars is necessary to enable the defendant: (1) to prepare for trial; (2) to prevent unfair surprise at the time of trial; (3) to

preclude successive prosecutions; and (4) to determine whether certain defenses are available." (Docket #16, p. 33, ¶ IV).

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Second Superseding Indictment clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

**3. Defendant's Request For Disclosure Of The Identities Of All Government Informants:**

The defendant requests "disclosure of the names, addresses and criminal records of all informants utilized by the government in its investigation of this case." (Docket #16, p. 35, ¶ V).

In its response, the government advises that "in the event any of these individuals are called as government witnesses at trial, impeachment material regarding these individuals will be provided as directed by the Court in the scheduling order for the trial of this action." (Docket #25, p. 24, ¶ 5).

The defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case." As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988) is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the

public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id*., and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is DENIED.

**4. Rule 16 Fed. R. Crim. P. Discovery Requests:**

The defendant admits that the government "has provided some voluntary discovery" but requests "discovery of all items or information to which [he] is entitled." (Docket #16, p. 36, ¶ VI). In response, the government asserts that it "has made all documents obtained by the grand jury available for review" and that "copies of documents intended to be used during trial, however obtained, have been provided" to the defendant. As to experts that the government plans to call at trial, the government advises that "information with respect to [these] witness[es] will be provided by the government in accordance with the schedule set by the District Court for the filing of pretrial submissions." The government has already provided a report of the handwriting expert whom the government expects to call at trial. Lastly, the government represents that it "believes it has fully complied with Rule 16" and that it "has made available the defendant's statements, and the search warrant and related documents in this case." (Docket #25, pp. 25-28).

As a result of the foregoing, the defendant's motion is DENIED on the

basis that it is moot.

**5. Defendant's Request For Production of *Brady* Material:**

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "G*iglio*" and "*Jencks*" materials as the defendant has used those labels in his motion. (Docket #16, pp. 37-40). As a result of these representations, the defendant's request for immediate production of such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id*. at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior

to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**6. Defendant's Request For Disclosure Of Evidence Pursuant To Rules 404(b), 608 and 609 F.R.E.:**

The defendant requests pretrial disclosure of all evidence that the government intends to introduce at trial pursuant to Rules 404(b), 608 and 609 F.R.E. and also requests "a pretrial hearing to determine the admissibility of such evidence." (Docket #16, p. 41).

The government states that it "has not yet decided whether it will seek to introduce Rule 404(b) evidence at trial" but that if "it does so, it will provide notification well in advance of trial." The "defendant has been provided with information concerning his own criminal history" and "impeachment evidence concerning the government's witnesses will be provided in accordance with the scheduling order set by the District Court for the trial of this action." (Docket #25, p. 31).

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added). The government states that this will be done, and as a result, defendant's request on this issue is DENIED as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b) and 609 F.R.E. is best left to the determination of the trial judge at the time of trial.

Rule 608 F.R.E. does not contain a required pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is DENIED.

**7. Defendant's Request For Preservation Of Rough Notes:**

The defendant requests "an order of this Court requiring all government agents and officers who participated in the investigation of the defendant in this case to retain and preserve all rough notes taken as part of their investigation whether or not the contents of the notes are incorporated in official records." (Docket #16, pp. 42-43, ¶ X). The defendant "also requests an order of this Court requiring the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence acquired in their (sic) investigation of the defendant." (Docket #16, p. 43).

The defendant seeks to have all evidence relating in any way to this case preserved. This is an overly broad request for which there is no legal support and therefore, it is DENIED. However, in the body of this particular request, it appears that the defendant is attempting to have all potential Rule 16 and *Jencks* materials

preserved. The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction. *United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

The government is hereby DIRECTED to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* and Rule 16, Fed.R.Crim.P. material in this case.

**8. Defendant's Request To Allow Active Counsel Participation In *Voir Dire*:**

Conducting *voir dire* of prospective jurors is a matter normally performed by the trial judge to whom the case has been assigned. However, the trial judge has discretion to allow participation in the *voir dire* process by counsel for the parties in a

manner designated by said trial judge. Rule 24(a) Federal Rules of Criminal Procedure. Therefore, defendant's request is DENIED by this Court without prejudice, and it may be renewed by counsel before the trial judge.

**9. Defendant's Request For Pre-Trial Production of Government Summaries:**

In response to this request, the government represents that if it "prepares summaries for trial, they will be made available at the appropriate point to the defense." (Docket #25, p. 33, ¶ 12). As a result, the defendant's motion is DENIED on the basis that it is moot.

**10. Defendant's Request To *Voir Dire* Government Experts Outside The Presence Of the Jury:**

The defendant requests an order pursuant to Rule 104 of the F.R.E. permitting him to "*voir dire* any proposed government experts at trial outside the presence of the jury." This motion is premature and is best left for determination by the trial judge and therefore, said motion is DENIED with the right of the defendant to make it *de novo* at the trial before the trial judge pursuant to Rule 104(a) F.R.E.

**11. Defendant's Request For An Audibility Hearing:**

Since the government advises that "there are no audio tapes in this case" (Docket #25, p. 33, ¶ 14), the defendant's motion is DENIED since it is moot.

**12. Defendant's Request To File Additional Motions:**

The defendant requests permission to file additional motions "which may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the government or investigation made by the defense, and/or any information provided by the government in response to the defendant's demand." (Docket #16, p. 47, ¶ XV). This request is GRANTED subject to the limitations as contained in the aforesaid quote.

**The Government's Reciprocal Rule 16(b) Request:** The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

S/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**DATED: Buffalo, New York**
**December 15, 2006**