UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

════════════════════════════

UNITED STATES OF AMERICA,

                    v.                              DECISION AND ORDER
                                                        05-CR-293A

KEVIN SMITH,

                              Defendant.

════════════════════════════

## INTRODUCTION

The defendant Kevin Smith is charged in an 11-count Second

Superceding Indictment with seven counts of making a false claim for a tax

refund, in violation of 18 U.S.C. § 287; one count of aiding and assisting the

preparation and presentation of a false income tax return, in violation of 26 U.S.C.

§ 7206; and three counts of mail fraud, in violation of 18 U.S.C. § 1341.  The case

was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28

U.S.C. § 636(b)(1)(A), on November 4, 2005.  On March 31, 2006, and again on

May 12, 2006, the defendant moved, *inter alia*, to suppress evidence seized from

his residence pursuant to a search warrant.  On December 15, 2006, Magistrate

Judge Schroeder issued a Report and Recommendation, recommending, *inter*

*alia*, that defendant's motion to suppress be granted because the warrant at issue

was overbroad.

Both the government and the defendant filed objections to the Report and Recommendation.  Oral argument on the objections was held on April 18 and June 14, 2007.  Additional briefing was completed on June 26, 2007.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions and hearing argument from counsel, the Court adopts in part and declines to adopt in part the proposed findings of the Report and Recommendation.

## DISCUSSION[1]

### 1.  *Search Warrant was not Overbroad*

The defendant argues that evidence seized pursuant to a search warrant executed at his residence located at 3554 West Oak Hill Road, Ellicott, New York, must be suppressed because, *inter alia*, the categories of records and things to be seized were overbroad, thereby violating the particularity requirement of the Fourth Amendment.  The Court disagrees.

The Fourth Amendment requires that warrants "particularly describ[e]. . .the persons or things to be seized." U.S. Const. amend. IV.  The

---

[1]     The Court presumes familiarity with the facts as found by Magistrate Judge Schroeder in his Report and Recommendation.

particularity requirement "makes general searches . . . impossible and prevents the seizure of one thing under a warrant describing another." <u>Marron v. United States</u>, 275 U.S. 192, 196 (1927).  The Second Circuit, "however, has recognized that these familiar words from <u>Marron</u> 'ha[ve] not always been applied literally . . . Courts tend to tolerate a greater degree of ambiguity where law enforcement agents have done the best that could reasonably be expected under the circumstances, have acquired all the descriptive facts which a reasonable investigation could be expected to cover, and have ensured that all those facts were included in the warrant.'" <u>United States v. Buck</u>, 813 F.2d 588, 590 (2d Cir.), <u>cert. denied</u>, 484 U.S. 857 (1987) (quoting <u>United States v. Young</u>, 745 F.2d 733, 759 (2d Cir. 1984)).  In order for a search warrant to comply with the particularity requirement of the Fourth Amendment, it must enable the executing officer to ascertain and identify with reasonable certainty those items that the magistrate has authorized him to seize. <u>See</u> <u>Steele v. United States</u>, 267 U.S. 498, 503 (1925) (citations omitted).

In this case, the search warrant for defendant's home allowed for the search and seizure of the following items:

1.   Financial records, ledgers, bank checks, bank statements and similar documents reflecting receipt and disbursement of funds;

2.   Business ledgers, receipts, invoices and bills;

3.   Credit cards in various names with various institutions together with credit card applications, statements and receipts;

3

4.      Correspondence to and from banks, credit card companies, insurance companies and/or agencies on behalf of customers;

5.      Customer files, complaints, correspondences (sic), sale (sic) records, loan and lease agreements;

6.      Department of Motor Vehicles receipts and applications for registrations and titling of customer vehicles;

7.      Computer printouts, program disks, data storage devices, scanners and other computer software and hardware identifying sales, personnel and other operational data pertaining to the conduct of the business;

8.      Cassette recorders, micro-cassettes (sic) recorders, cassettes, micro-cassettes and other voice recording devices pertaining to the conduct of the business;

9.      Residential and Office telephone records and bills, cell phone records and bills pertaining to the conduct of business;

10.     Temporary ten day inspection tags, VIN # tags (Vehicle Identification Number) and license plates that are expired and/or not designated for any vehicles on the premises and;

11.     Customer's 2002 State and Federal Income Tax Return records prepared at THE AUTO STORE and the Income Tax Refunds that were allegedly applied or not applied as down payments on sales of vehicles from such Income Tax preparation.

Although somewhat broadly worded, the Court finds that this list of items to be searched for and seized was sufficiently particular to enable the executing officers to ascertain and identify with reasonable certainty those items that Judge Ward had authorized them to seize.  See Andresen v. Maryland, 427 U.S.

4

463, 479 (1976); <u>Young</u>, 745 F.2d at 759.  The Second Circuit, in upholding

broadly worded categories of items available for seizure, has expressly noted that

"the language of the warrant is to be construed in light of an illustrative list of

seizable items."  <u>United States v. Riley</u>, 906 F.2d 841, 844 (2d Cir. 1990)

(citations omitted).  In upholding the validity of the warrant in <u>Riley</u>, the Court

observed:

> [T]he warrant supplied sufficient examples of the type of
> records that could be seized - bank records, business
> records, and safe deposit box records.  No doubt the
> description, even with illustrations, did not eliminate all
> discretion of the officers executing the warrant, as might
> have occurred, for example, if the warrant authorized
> seizure of the records of defendant's account at a
> named bank.  But the particularity requirement is not so
> exacting.  Once a category of seizable papers has been
> adequately described, with the description delineated in
> part by an illustrative list of seizable items, the Fourth
> Amendment is not violated because the officers
> executing the warrant must exercise some minimal
> judgment as to whether a particular document falls
> within the described category.
>
> It is true that a warrant authorizing seizure of records of
> criminal activity permits officers to examine many
> papers in a suspect's possession to determine if they
> are within the described category.  But allowing some
> latitude in this regard simply recognizes the reality that
> few people keep documents of their criminal
> transactions in a folder marked "drug records."

<u>United States v. Riley</u>, 906 F.2d at 844-845.  <u>Riley</u> recognizes that the realities of

a complex criminal investigation often necessitate that law enforcement officials

involved in such investigations be permitted some latitude in fulfilling the

particularity requirement of the Fourth Amendment.

In arguing that the search warrant in this case is overbroad, the

defendant relies primarily on the Second Circuit's decision in United States v.

George, 975 F. 2d 72, 75 (2d Cir. 1992).   Defendant's reliance is misplaced.

The Second Circuit found the warrant in George to be faulty

because, unlike this case, it contained a "catch-all" provision that allowed the

seizure of "any other evidence relating to the commission of a crime."   Id.   That

broad "catch-all" phrase was deemed to be limitless, since no crime was specified

on the warrant.   Id. at 76.   Of critical note is that the warrant in George also

included a list of specific items to seized.   Id. at 74.   The seizure of those

specifically described items was upheld, notwithstanding the failure of the warrant

to describe the crime.   Thus, because the warrant at issue here did not contain a

"catch-all" provision, George is inapposite.


**2.    *Business Permeated by Fraud Exception***

Even if it were assumed *arguendo* that the search warrant in this

case constituted a "general" or so-called "all-records"warrant, it would still be valid

under the facts and circumstances present here.   Although the particularity

requirement of the Fourth Amendment creates a general presumption against

"general" or "all-records" warrants, courts, including the Second Circuit, have

6

recognized an exception where there is probable cause to believe that criminal
activity permeates the business to be searched.  See, e.g., U.S. Postal Serv. v.
C.E.C. Servs.,  869  F.2d 184, 187 (2d Cir. 1989) ("When the criminal activity
pervades that entire business, seizure of all records of the business is
appropriate, and broad language used in warrants will not offend the particularity
requirements."); National City Trading Corp. v. United States, 635 F.2d 1020,
1026 (2d Cir. 1980) (because "there was probable cause to believe that [the]
business was permeated with fraud" agents could properly seize all of the
business records described in the warrant); United States v. Argentina, 2002 WL
54602 at *1 (S.D.N.Y. Jan. 14, 2002) (upholding broad searches for business
records at three separate locations, finding that the warrant established that
criminal activity pervaded the defendants' entire business (fraudulent transactions
involving the purchase of property and its resale at inflated prices, based in part
on fraudulent appraisals.)); United States v. Falkowitz, 214 F. Supp. 2d 365
(S.D.N.Y. 2002) ("a mere allegation of fraud is not enough to authorize the
seizure of all business records, but where the closely connected nature of a
business renders it impossible through a more particular description to segregate
those business records that would be evidence of fraud from those that would not
a wide authorization is permissible" (internal quotations and citations omitted));
United States v. Markey, 131 F. Supp. 2d 316, 326 (D. Conn 2001) (an "all-
records" search of an extensive telemarketing fraud scheme was not improper

because the supporting affidavit provided "adequate support for a finding of probable cause that the . . . entire business operation was illegal." and, thus, "this was a situation where the "all records exception to the particularity requirement was applicable"), aff'd, 69 Fed. Appx. 492 (2003); United States v. Johnson, 886 F. Supp. 1057, 1072 (S.D.N.Y. 1995) ("An affidavit in support of a search warrant need not set forth specific factual evidence demonstrating that every part of the enterprise was engaged in fraud, only sufficient evidence of fraudulent activity from which the issuing magistrate could infer that those activities are just the tip of the iceberg." (Internal quotations and citations omitted)), aff'd, 108 F.3d 1370 (1997); United States v. Wapnick, 1993 WL 86480 at *5 (E.D.N.Y. Mar. 16, 1993) (a showing that the defendant's business (assisting taxi cab owners to file false income tax returns, not only filing the returns with false numbers, but also creating the false supporting documentation.) was "permeated with fraud" justified the seizure of all records), aff'd, 60 F.3d 948 (2d Cir. 1995), cert. denied, 517 U.S. 1187 (1996); United States v. Paccione, 738 F. Supp. 691, 708 (S.D.N.Y. 1990) ("Courts have consistently held that where a business is totally illegal, a search warrant may properly authorize the seizure of *all* documents of the business."(emphasis in original)).

        In this case, the Court finds that the search warrant application provided probable cause to believe that the defendant's business enterprises were permeated by fraud.  Defendant used a variety of similar sounding names

for his business premises, including The Auto Store, American Direct Services, 24 Hour Towing and Auto, ABC Services, etc.  The business, as described by former employees and customers, was a combination of a used car sales operation and an income tax preparation business, as well as providing insurance for the vehicles.  Defendant used an employee's name on car titles, registration forms, and the business certificate.  Defendant had also been overheard using a false name on the telephone in the business.

The manner in which defendant sold cars also suggests pervasive illegality.  The customers signed documents in blank or were not allowed to see what they signed.  Nor did they get copies of the documents they signed. Customers also complained that the defendant refused to provide them with receipts for any payments they made.

Believing they were purchasing used cars from the defendant, customers were surprised to later learn that they had signed "rental" agreements, which allowed for the prompt repossession of their vehicles.  Customers further complained that the defendant was vague as to the purchase price and payment terms, and that sometimes, there was no written agreement.

Some used-car customers allowed the defendant to prepare their income tax returns, believing that their income tax refunds from returns prepared by the defendant would be credited toward the purchase price of the  car.

However, the defendant often never provided them with copies of their tax returns and never informed them of the amount of their tax refunds.

In running his business, defendant used credit cards issued in the names of other people.  He would often use the credit cards to obtain insurance for customers who could not otherwise obtain insurance.  Sometimes, his customers discovered that their names had been used, without their knowledge, to obtain insurance on vehicles that they did not even own.

Defendant kept a supply of license plates from various states at his business, which he would use on cars that had not been properly registered.  He also affixed false 10-day temporary inspection stickers and VIN# plates to cars he sold.

In addition, the defendant either paid his employees in cash, or required them to "work off" the purchase price of a car.

In sum, the facts in the search warrant application provided probable cause to believe that the defendant's entire business was permeated by fraud.  Accordingly, even if the search were assumed to be an "all-records" search, it would not run afoul of the particularity requirement of the Fourth Amendment.

The defendant argues that the "business permeated by fraud" exception does not apply here.  First, he argues that it does not apply because reliance on the exception was not expressly stated in either the search warrant application or the search warrant itself.  The Court finds this argument

10

unpersuasive.  Although neither the search warrant nor the search warrant

application expressly mention the "permeated by fraud" exception, the search

warrant application alleged facts establishing probable cause to believe that

defendant's business was permeated by fraud.  "[W]here there is probable cause

to believe that a business is 'permeated with fraud' *either explicitly stated in the*

*supporting affidavit or implicit from the evidence therein set forth*, a warrant

may authorize the seizure of all documents relating to the suspected criminal

area."  United States v. Hurwitz, 459 F.3d 463, 473 (4th Cir. 2006) (emphasis

added).  The Court rejects defendant's hypertechnical and formalistic

suggestion that the warrant affidavit must expressly and specifically state

that a business is permeated with fraud in order for the reviewing court to

determine that the permeated with fraud exception applies in a given case.

When a probable cause determination is made, the affidavit supporting the

application must be read as a whole and tested in a common-sense -- rather

than "hypertechnical" -- fashion.  Illinois v. Gates, 462 U.S. 213, 235-36

(1983); United States v. Kahan, 572 F.2d 923, 929 (2d Cir.), cert. denied,

439 U.S. 833 (1978).  As the Supreme Court emphasized in Gates,

"[t]echnical requirements of elaborate specificity . . . have no proper place in

this area."  Gates, 462 U.S. at 235; see also Texas v. Brown, 460 U.S. 730

(1983).  Courts should not "read supporting affidavits with the same

11

microscopic intensity as municipal bond counsel would a bond indenture."

United States v. Pond, 523 F.2d 210, 214 (2d Cir. 1975), cert. denied, 423

U.S. 1058 (1976).

Second, defendant argues that the " business permeated by

fraud" exception does not apply here because it was his residence, not his

business, that was the subject of the search in question.  This argument is

equally unavailing.  As the Magistrate Judge found, there was probable

cause to believe that evidence of defendant's criminal activity relating to his

business would be found at his residence. See Report and Recommendation

at 21-24.


3.    *Good Faith Exception*

Even assuming *arguendo* that the search warrant was not supported

by probable cause and did not satisfy the particularity requirement, the evidence

seized is nevertheless admissible under the good faith exception to the

exclusionary rule set forth in United States v. Leon, 468 U.S. 897 (1984).  In

Leon, the Supreme Court held that evidence obtained pursuant to a facially valid

search warrant, later found to be invalid, was admissible if the executing officers

acted in good faith and in objectively reasonable reliance on the warrant.  The

Supreme Court held in Leon that the exclusionary rule "cannot be expected, and

should not be applied, to deter objectively reasonable law enforcement activity." Id. at 919.  Accordingly, Leon stated that, in applying the new rule, courts should "eschew inquiries into the subjective beliefs of law enforcement officers who seize evidence pursuant to a subsequently invalidated warrant," id. at 922 n. 23, and that the inquiry should be "confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization."  Id.

The Leon good faith exception has been applied when a warrant lacked particularity, Buck, 813 F.2d at 592-93; was not supported by probable cause, United States v. Moore, 968 F.2d 216, 222-23 (2d Cir.), cert. denied, 506 U.S. 980 (1992); or improperly authorized a "general warrant."  United States v. Kouzmine, 921 F. Supp. 1131, 1134-35 (S.D.N.Y. 1996).

Here, law enforcement officers submitted to Judge Ward a detailed search warrant application and, for the reasons stated above, it was not obvious from the face of the warrant that it did not comply with the particularity requirement of the Fourth Amendment.  In such a case, a reasonably well-trained police officer could not be expected to know that the warrant issued by Judge Ward violated the Fourth Amendment. The exclusionary rule's deterrent function is not served by penalizing officers who rely upon the objectively reasonable legal conclusions of an issuing judge.  Thus, under Leon, the evidence seized pursuant to the search warrant is admissible.

13

**4.**   ***Hearing on "Over Execution" of Search Warrant***

The defendant has requested a hearing on his claim that law enforcement officials "over executed" the search warrant, or in other words, exceeded the bounds of the warrant, thereby turning the search into a general search prohibited by the Fourth Amendment.  The Magistrate Judge recommended that such a hearing be conducted in the event this Court did not adopt his recommendation that defendant's motion to suppress be granted.  The government objects to such a hearing.

The Court finds that such a hearing is not required.  Defendant has failed to provide a factual basis for requiring such a hearing.


**<u>CONCLUSION</u>**

For the reasons stated, the Court declines to adopt the portions of the Magistrate Judge's Report and Recommendation, recommending: (1) that defendant's motion to suppress be granted on the ground that the search warrant was overbroad; and (2) that a hearing be held on the issue of "over execution" of the search warrant.  The Court adopts the remainder of the Report and Recommendation, and denies defendant's motion to suppress in its entirety.

14

Counsel shall appear on July 23, 2007, at 9:00 a.m., for a meeting to set a trial

date.

SO ORDERED.

s/ *Richard J. Arcar*a
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  July 19, 2007

15